**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARWAN S. KAWAR,<br><br>Petitioner,<br><br>v.<br><br>JAMES R. MCHENRY III, Acting Attorney General,<br><br>Respondent. | No. 23-2096<br><br>Agency No.<br>A027-583-784<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2025[**]

Before:    CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Marwan S. Kawar, a native and citizen of Jordan, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision granting the government's motion to reopen removal

proceedings and denying his motion to continue removal proceedings.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Kawar's contention regarding removability is not properly before the court because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

We lack jurisdiction to review Kawar's challenge to the agency's grant of the motion to reopen because Kawar is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and did not raise a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a [covered] criminal offense."); 8 U.S.C. § 1252(a)(2)(D) (court retains jurisdiction to review constitutional claims and questions of law); *see also Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Because Kawar does not challenge the agency's determination that he did not establish good cause for a continuance, we do not address it. *See Lopez-*

*Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

All other pending motions are denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**